█ LEON KIRCHHOFF, JR., as Administrator of the Estate of LEON KIRCHHOFF, III, Deceased, Respondent, v. COUNTY OF ERIE, Appellant, et al., Defendants. (Action No. 1.) — Judgment as to defendant County of Erie unanimously reversed on the law, without costs of this appeal to any party, and

complaint as to defendant County of Erie dismissed, without costs. Memorandum: The operator of defendant Miranda's automobile was familiar with the place where the accident occurred for he had been traveling this highway almost daily for about six months. He was, or should have been, completely familiar with the conditions of the roadway and the several warning signs erected by the State indicating that by reason of construction travel was "restricted" and speed limits of 25 miles per hour in work zones and 35 miles per hour in non-work zones were imposed. Notwithstanding these warnings he proceeded to pull out of the center eastbound lane and into the center westbound lane of this four-lane road and attempted to pass two automobiles in front of him. He started to pass while traveling at a speed in excess of 50 miles per hour upon an upgrade about 150 feet from a bridge. When upon the bridge he collided head on with an automobile proceeding in the opposite direction, which automobile was completely in its right lane where it was required to be. The negligent and reckless conduct of the operator of the defendant Miranda's automobile in traveling at a high and excessive rate of speed, on the wrong side of the road while nearing the crest of the hill in approaching the bridge in disregard of all warnings was the sole proximate cause of the accident. The negligence, if any, of the defendant County of Erie in failing to place double white lines in the center of the highway was not a contributory cause of the accident. The trier of the facts could not have found by any rational process that the absence of the markings was a concurring proximate cause (*Rivera* v. *City of New York*, 11 N Y 2d 856). (Appeal from judgment of Erie Trial Term in favor of plaintiff in an automobile negligence action. Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.